UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11791-RGS

TYNGSBORO SPORTS II SOLAR, LLC
and 201 OAK PEMBROKE SOLAR LLC,
individually and on behalf of all others similarly situated,

v.

NATIONAL GRID USA SERVICE COMPANY, INC.
and MASSACHUSETTS ELECTRIC COMPANY

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

April 18, 2023

STEARNS, D.J.

Plaintiffs are independent renewable energy generators that sell energy to Massachusetts Electric Company (National Grid) pursuant to standardized Interconnection Service Agreements (ISAs). The ISAs stipulate that plaintiffs are responsible for the costs of any upgrades or modifications to the power grid that are required to maintain their interconnections. The upgrades and modifications, once made, become the property of National Grid.

According to the terms of the tax policy set by its administrative service provider, National Grid USA Services Co., Inc. (ServCo), National Grid insists that it is required to pay federal income tax on the interconnection

payments.  National Grid consequently assesses plaintiffs a tax gross-up to offset the income tax.  Plaintiffs dispute the taxability of the interconnection payments and seek a declaration that the interconnection payments are not taxable income (Count I).  They also look to recover past tax gross-ups charged by National Grid (Counts II-IV).  Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  For the following reasons, the court will allow the motion on jurisdictional grounds.

## DISCUSSION

### I.  Count I

The Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, bars federal courts from issuing declaratory judgment relief "with respect to Federal taxes," except under certain limited circumstances that are not relevant here. *Id.*  Count I, which seeks declaratory judgment that plaintiffs' "payments to National Grid for modifications of the power grid are not taxable as income to National Grid," indisputably[1] falls within the scope of this prohibition.  Compl. (Dkt # 1) ¶ 17; *see also McCarthy v. Marshall*, 723 F.2d 1034, 1037

---

[1] Although plaintiffs attempted in their briefing to finesse the nature of their requested relief to avoid the tax bar, *see* Pls.' Suppl. Mem. (Dkt # 34) at 2, counsel conceded during oral argument that, at core, plaintiffs seek a determination as to whether the tax is owed or not.

(1st Cir. 1983); *Thompson/Ctr. Arms Co. v. Baker*, 686 F. Supp. 38, 42-43 (D.N.H. 1988).

In the effort to avoid dismissal, plaintiffs contend that their claim for declaratory relief is nonetheless justiciable under the excruciatingly narrow exception recognized by the Supreme Court in *South Carolina v. Regan*, 465 U.S. 367 (1984), for instances in which a party has no plausible alternative recourse by which to vindicate its rights. But even assuming plaintiffs lack an alternative forum in which to litigate their taxability issue with National Grid, they run headlong into a standing issue to the extent they seek a ruling in this court. A necessary party – the IRS – is not joined as a defendant, and in the absence of the IRS, the court cannot conclusively resolve whether interconnection payments are taxable as income to National Grid. *See* Pls.' Suppl. Mem. at 3 (acknowledging that, because the IRS is not party to this litigation, "any eventual declaratory relief has no effect on that agency's ability to assess and collect a tax"). In other words, the court lacks the jurisdictional capacity to afford plaintiffs effective relief for their alleged harm, should relief be deserved.

To the extent that plaintiffs seek to avoid the standing issue by limiting their request to a declaration resolving the liabilities of the parties with respect to each other, *see* Opp'n (Dkt # 25) at 8-9, the court declines as a

discretionary matter to exercise such declaratory jurisdiction as it might have over the matter. Plaintiffs' tax liability is derivative of defendants' tax liability. For the court to issue a declaration resolving plaintiffs' tax liability without simultaneously resolving defendants' tax liability creates a significant risk of inequity. If the IRS were to reach a different conclusion than the court (as it would be free to do, *see* Pls.' Suppl. Mem. at 3), one of the parties would be placed in the untenable position of owing a tax that the other does not.[2]

During oral argument, plaintiffs suggested that the court should ignore the potential for inequity because the risk of inconsistent obligations is a problem of defendants' own making. The court is sympathetic to plaintiffs' allegations of delay on the part of defendants, but it cannot agree that any inequity that might arise could be solely laid at defendants' feet. The risk of inconsistent obligations results in the first instance from plaintiffs' failure to include the IRS as a party to this litigation, not from any inaction on defendants' part.

---

[2] Defendants, in other words, might have to pay a tax which they cannot recoup from plaintiffs despite the clear terms of the contract. Alternatively, plaintiffs might have to pay a tax gross-up for a tax defendants need not pass on to the government.

## II.    Counts II, III, and IV

Plaintiffs contend that, even in the absence of Count I, the court may exercise jurisdiction over the supplemental state law claims (Counts II, III, and IV), which, in plaintiffs' eyes, raise a substantial federal question: whether interconnection payments are taxable as income. But plaintiffs' state law claims hinge on the *reasonableness* of National Grid's position on the taxability issue, not on the merits of the taxability issue.[3] And because the question of reasonableness can be answered without conclusively deciding whether interconnection payments are taxable as income, the federal tax issue is not "necessarily raised." *See Gunn v. Minton*, 568 U.S. 258, 261 (2013).

---

[3] To the extent that a few of the restitution claims asserted in Count III *do* hinge on the merits of the taxability issue, the federal question cannot be called substantial. Any decision from this court would bind only the parties; it would not conclusively resolve the issue for the agency or future private litigants and thus would have little impact on the federal system. *See Gunn v. Minton*, 568 U.S. 251, 261 (2013) (state law claim hinging on the viability of a patent defense did not raise substantial federal interest because resolution would not "change the real-world result of the prior federal patent litigation" or "undermine the development of a uniform body of patent law") (cleaned up); *cf. New York ex rel. Am. Advisory Servs., LLC v. Egon Zehnder Int'l, Inc.*, 592 F. Supp. 3d 183, 209 (S.D.N.Y. 2022) (state law claim that would determine the "allocation of income among affiliates of a multinational corporation" involved substantial federal interest because it implicated both the government's "ability to raise revenue to conduct the affairs of state" and its "foreign relations with other sovereigns").

**ORDER**

For the foregoing reasons, defendants' motion to dismiss is <u>ALLOWED</u> on jurisdictional grounds. The Clerk will enter judgment accordingly and close the case.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE